08 CV 4848

Martin F. Casey (MFC-1415)
Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2008 Civ.

------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY
a/s/o AMD OIL SALES, LLC,

**COMPLAINT**

       Plaintiff,

     - against -

M/V MSC MARIA PIA, her engines, boilers, tackle,
apparel, etc., *in rem*; MEDITERRANEAN SHIPPING
COMPANY *in personam*,

       Defendants.

------------------------------------------------------------X



RECEIVED
MAY 2 3 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon

information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2.     At all material times, FIREMAN'S FUND INSURANCE COMPANY

(hereinafter "FFIC" or "Plaintiff") was and is a corporation organized and existing by virtue of

the laws of a foreign state with an office and place of business located at 1 Chase Manhattan

Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of a

consignment of olive oil laden on board the M/V MSC MARIA PIA, as more fully described

below.

3.    At all material times, AMD OIL SALES, LLC (hereinafter "AMD") was and is a business entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 47 South Franklin Turnpike, Ramsey, New Jersey 07446 and was the consignee, owner and/or assured of the consignment hereinbelow described.

4.    At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY (hereinafter "MSC") was and is a foreign corporation with an office and place of business located at 420 Fifth Avenue, 8th Floor, New York, New York 10018 and owns, operates, manages and/or charters ocean-going vessels, including the M/V MSC MARIA PIA (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V MSC MARIA PIA, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5.    At all material times, the M/V MSC MARIA PIA was and is an oceangoing vessel built in 1997, that is flagged in Panama and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

6.    On or about May 10, 2007, a consignment of olive oil laden into container number CRXU293192-6, then being in good order and condition, was delivered to the *in personam* defendants and the M/V MSC MARIA PIA at the port of Casablanca, Morocco for transportation to New York, New York, U.S.A., in consideration of an agreed freight pursuant to MSC bill of lading number MSCUCA091937.

2

7.    Thereafter, the aforementioned consignment was loaded aboard the M/V MSC MARIA PIA, MSC bill of lading number MSCUCA091937 was issued, and the vessel sailed for the intended port of destination.

8.    On or about May 23, 2007 the consignment arrived at the port of New York, New York, U.S.A.

9.    Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage during transit.

10.   The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendants.

11.   By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $75,874.31.

12.   At all times relevant hereto, a contract of insurance for property damage was in effect between AMD and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

13.   Pursuant to the aforementioned contract of insurance between AMD and FFIC, monies have been expended on behalf of AMD to the detriment of FFIC due to the damages sustained during transit.

14.   As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

16. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

16. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

17. Plaintiff has a maritime lien against the M/V MSC MARIA PIA for the damages referred to herein and will enforce that lien in these proceedings.

18. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

    1.    In rem service of process be issued against the M/V MSC MARIA PIA, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

    2.    The M/V MSC MARIA PIA, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

    3.    The Court order, adjudge and decree that defendants MEDITERRANEAN SHIPPING COMPANY and the M/V MSC MARIA PIA be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

    4.    That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 23, 2008
       299-688

                   CASEY & BARNETT, LLC
                   Attorneys for Plaintiff

By: _____
                   Martin F. Casey (MFC-1415)
                   Gregory G. Barnett (GGB-3751)
                   317 Madison Avenue, 21st Floor
                   New York, New York 10017
                   (212) 286-0225