UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHAEL KNIGHT,

                              Plaintiff,

            -against-

GARDUNO-RODRIGUEZ,

                              Defendant.

-------------------------------------------------------X

**Doc. #:08-CV-4858**

**VERIFIED ANSWER,
AFFIRMATIVE DEFENSES,
CROSS-CLAIMS, COMBINED
DEMANDS AND NOTICE TO
TAKE DEPOSITION**

**TRIAL BY JURY DEMANDED**

Defendant, ANGELA GARDUNO-RODRIGUEZ i/s/h/a GARDUNO-RODRIGUEZ by her attorneys, TORINO & BERNSTEIN, P.C., answering the Complaint herein, upon information and belief, states as follows:

FIRST:          Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "1", and each and every part thereof.

SECOND:          Defendant admit the allegations set forth in paragraph numbered "2", and each and every part thereof.

## JURISDICTION STATEMENT

THIRD:          Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "3", and each and every part thereof.

FOURTH:          Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "4", and each and every part thereof and refers all questions and conclusions of law to this Honorable Court.

FIFTH:          Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "5", and each and every part thereof.

## STATEMENT OF VENUE

SIXTH:          Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "6", and each and every part thereof and refers all questions and conclusions of law to this Honorable Court.

## STATEMENT OF FACTS

SEVENTH:    Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "7", and each and every part thereof.

EIGHTH:     Defendant admits the allegations set forth in paragraph numbered "8", and each and every part thereof.

NINTH:     Defendant admits the allegations set forth in paragraph numbered "9", and each and every part thereof.

TENTH:     Defendant admits the allegations set forth in paragraph numbered "10", and each and every part thereof.

ELEVENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "11", and each and every part thereof.

TWELFTH:    Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "12", and each and every part thereof.

THIRTEENTH:     Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "13", and each and every part thereof.

FOURTEENTH:     Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "14", and each and every part thereof.

FIFTEENTH:     Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "15", and each and every part thereof.

## AS AND FOR A FIRST CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF MICHAEL KNIGHT

SIXTEENTH:        In answer to paragraph "16" of the Verified Complaint, defendant repeats and reiterates each and every admission and denial in answer to paragraphs numbered "1" through  "15" with the same force and effect as though fully set forth herein at length.

SEVENTEENTH:        Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "17", and each and every part thereof.

EIGHTEENTH:        Defendant admits the allegations set forth in paragraph numbered "18", and each and every part thereof.

NINETEENTH:        Defendant denies the allegations contained in paragraph numbered "19", and each and every part thereof.

TWENTIETH:        Defendant denies the allegations contained in paragraph numbered "20", and each and every part thereof.

TWENTY-FIRST:        Defendant denies the allegations contained in paragraph numbered "21", and each and every part thereof.

TWENTY-SECOND:        Defendant denies the allegations contained in paragraph numbered "22", and each and every part thereof.

TWENTY-THIRD:        Defendant denies the allegations contained in paragraph numbered "23", and each and every part thereof.

TWENTY-FOURTH:        Defendant denies the allegations contained in paragraph numbered "24", and each and every part thereof.

TWENTY-FIFTH:        Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "25", and each and every part thereof.

TWENTY-SIXTH:        Defendant denies having knowledge or information

sufficient to form a belief as to the allegations contained in paragraph numbered "26", and each and every part thereof.

TWENTY-SEVENTH:        Defendant denies the allegations contained in paragraph numbered "27 , and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:        This answering defendant alleges, pursuant to Section 1412 of the CPLR, upon information and belief that if plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of culpable conduct of the plaintiff or the plaintiff's assumption of risk. Should it be found, however, that the answering defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant alleges that if any damages are found they are to be apportioned among the plaintiff and defendant according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-NINTH:    If injuries and/or damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and/or damages were caused, aggravated or contributed to by the failure of the plaintiff to wear seatbelts, shoulder harnesses and other safety devices, which were available at the time of the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTIETH:  The plaintiff did not suffer a serious injury as defined by Section 5102(d) of the Insurance Law and, therefore, the cause of action herein is barred by the provisions of the Comprehensive Insurance Reparations Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:        Defendant is not liable herein due to the Emergency Doctrine.

WHEREFORE, defendant herein demand judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated: Mineola, New York
July 9, 2008

Yours, etc.,

TORINO, & BERNSTEIN, P.C.

_Kenneth A. Bernstein_

Kenneth A. Bernstein, Esq. [KB7028]
Attorneys for Defendant
200 Old Country Road ,Suite 220
Mineola, New York 11501
(516) 747-4301

## CERTIFICATE OF SERVICE

Kenneth A. Bernstein, an attorney duly admitted to practice before this Court does certify that on this date, July 10, 2008, the undersigned did serve upon counsel, via postage pre-paid mail, a copy of this document.

TO:

THE ADAM LAW OFFICE, P.C.
275 Madison Avenue, Suite 1100
Mount Vernon, NY 10552

_Kenneth A. Bernstein_

Kenneth A. Bernstein, Esq. [KB7028]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Doc. #:08-CV-4858
--------------------------------------------------------X
MICHAEL KNIGHT,

                 Plaintiff,                    INTERROGATORIES

     -against-

GARDUNO-RODRIGUEZ,

                 Defendant.

--------------------------------------------------------X

S I R S:

PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil

Procedure, you are hereby required to respond to the following interrogatories separately and

fully and in writing under oath, unless said interrogatory is objected to, in which event, the

reason for objection shall be stated in lieu of an answer.

PLEASE TAKE FURTHER NOTICE that the responses to these interrogatories shall be

served within thirty (30) days hereof.

Upon your failure to timely comply with these interrogatories, the undersigned shall be entitled to

move for an order pursuant to Rule 37(a) for the appropriate relief.

For the purposes of these interrogatories, the uniform definitions and discovery requests

contained in Local Rule 47 shall be applicable, said definitions being:

(1) <u>Communication</u>.  The term "Communication" means the transmittal of information

(in the form of facts, ideas, inquiries or otherwise).

(2) <u>Document</u>.  The term "Document" is defined to be synonymous in meaning an equal

and scooped to the usage of this term in the Federal Rules of Civil Procedure 34(a).  A draft or

non-identical copy is a separate document within the meaning of this term.

(3) <u>Identify</u>.  (With respect to persons).  When referring to a person, "to identify" means

to give, to the extent known, the person's full name, present or last known address, and when

referring to a natural person, additionally, the present or last known place of employment.  Once

a person had been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify. (With respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author; (s) addressee and recipient.

(5) Parties. The term "plaintiff" and "defendant" as well as the party's full or abbreviated name or a pronoun referring to a party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiary or affiliates. This definition is not intended to impose a discovery obligation upon any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to the definitions set forth above, the following definitions shall be applicable to responding to these interrogatories:

(8) The "occurrence" shall mean, for the purposes of these interrogatories, the incident in which it is claimed in the complaint that the plaintiff was injured.

INTERROGATORIES

PLEASE TAKE NOTICE that you are hereby required to serve Interrogatories upon the undersigned within thirty (30) days after receipt of this Demand, setting forth the following:

1. The plaintiff's present residence address.

2. The exact date and approximate time of day of the occurrence.

3. The exact place and location where it is claimed the alleged accident occurred setting forth the name of the street, avenue, path or roadway where the alleged accident is claimed to have occurred, as well as the nearest intersection or cross-street.

4. Set forth the direction of travel and speed of the plaintiff's vehicle at the time of the alleged accident.

5. Set forth the direction of travel and speed of each defendant's vehicle at the time of the alleged accident.

6. State how it is claimed the accident occurred.

7. Set forth a detailed statement of the particular negligent acts of defendant, ANGELA GARDUNO-RODRIGUEZ i/s/h/a GARDUNO-RODRIGUEZ, which it is claimed caused plaintiff's injuries.

8. State whether actual or constructive notice is claimed.

9. If actual notice is claimed, then set forth the following:

      (a) The names of the employees, agents and/or servants of the answering defendants to whom it will be alleged said actual notice was given.

      (b) By whom will it be claimed that said actual notice was given on each occasion aforesaid.

      (c) The date or dates of each said notice.

      (d) The place said actual notice was given.

10. If constructive notice is claimed, the length and time said condition is alleged to have existed prior to the happening of the alleged occurrence.

11. The date of birth and social security numbers of each plaintiff.

12.     Regarding plaintiff's employment, if any - at the time of the alleged accident and following, set forth:

      (a)     Plaintiff's occupation and/or vocation.

      (b)     The name and address of plaintiff's employer.

      (c)     The usual hours of plaintiff's employment.

      (d)     Each and every date plaintiff alleges to have been incapacitated from pursuing said occupation and/or employment.

**NOTE:** If, plaintiff is alleging any claim of lost wages, lost earnings, limitation, other pecuniary loss, or any inability to perform plaintiff's pre-accident occupation or employment, set forth:

    (e)    Each and every date that plaintiff alleges to not to have been able to attend the actual work location where said occupation and/or employment was performed.

    (f)    Each and every element of past or future pecuniary loss plaintiff alleges to have incurred by virtue of this accident.

    (g)    The dates within which it is claimed that each plaintiff was totally disabled;

    (h)    Set forth the dates within which it is claimed that plaintiff was partially disabled;

    (i)    Set forth the date when it is claimed that plaintiff was able to partially resume normal activity;

    (j)    Set forth the date when it is claimed that plaintiff was able to totally resume normal activity;

13. An exact statement of the injuries claimed to have been sustained by the plaintiff, including the nature, location, extent, degree, duration and effect of said injuries;

    (a)    If any of the above injuries are alleged to be permanent set forth which injuries are claimed to be permanent;

    (b)    If any of the above injuries are alleged to be temporary set forth which injuries are claimed to be temporary;

    (c)    Set forth the date when it is claimed that this temporary condition subsided and plaintiff was able to totally resume normal activity;

14. The length of time, giving the specific dates, when plaintiff was confined by reason of the alleged injuries to:

    (a) Hospital;

    (b) Bed;

    (c) Home; and

    (d) Other place or institution.

15.  Total amounts claimed as past or future special damages for (a) physicians' services; (b) medical supplies; (c) loss of earnings; (d) hospital expenses; (e) x-ray expenses; (f) nurses services, etc.

16.  If the plaintiff was a student at the time of the alleged accident set forth:

(a)   the name and address of the school attended.

(b)   the actual dates when plaintiff alleges not to have been able to attend school.

(c)   each and every school activity that plaintiff was not able to participate in by virtue of this accident.

(d)   each and every school activity that plaintiff's participation in was limited by virtue of this accident.

(e)   any economic impact that plaintiff claims was resultant from his inability to attend school.

(f)   the date when it is claimed that plaintiff was able to resume normal school activity;

17.  State the names and addresses of all physicians, hospitals or other medical professionals rendering treatment for plaintiff's alleged injuries, setting forth for each such professional the following:

(a)  Date of initial treatment;

(b)  Date(s) of each succeeding treatment;

(c)   If hospital stay was required, purpose of such stay, date of admission and date of discharge.

18.    Set forth by chapter, article, section and paragraph each and every  statute and ordinance, if any, which it is claimed the defendant violated.

19.  Set forth which provision(s) and the specific manner in which plaintiff claims to have sustained a "serious injury" as defined in Section 5102(d) of the New York State Insurance Law as alleged in plaintiff's complaint, to wit:

a:      death;

b:      dismemberment;

c:      significant disfigurement;

d:      fracture;

e:      loss of fetus;

f:      permanent loss of use of a body organ, member, function or system;

g:      permanent consequential limitation of use of a body organ or member;

h:      significant limitation of use of a bodily function or system;

i:      medically determined injury or impairment of a non-permanent nature which prevents plaintiff from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less that ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment

20.     If plaintiff responded affirmatively to question **19{g-i}**, state with specificity:

a:      Identify the physician or medical providers who medically determined that plaintiff's injury or impairment of a non-permanent nature prevented plaintiff from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less that ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment;

b:      Set forth the injury or impairment of a non-permanent nature which is claimed by plaintiff to have prevented plaintiff from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment;

c:      Set forth all of plaintiff's material acts or actions which constitute plaintiff's usual and customary daily activities for not one hundred eighty days immediately prior to the occurrence of plaintiff's injury or impairment.

21.     Set forth the *name(s)* and *address(es)* of any physician, hospital, medical provider or other person or entity who rendered care or treatment to plaintiff for any part of the body, system, organ or function including mental or psychiatric treatment, *prior to this incident*, to those portions of the body or psyche which is claimed to have been injured as a result of the incident set forth in the complaint.

PLEASE TAKE NOTICE that in the event that the plaintiff has no knowledge of the above matter, plaintiff shall so state.

PLEASE TAKE FURTHER NOTICE, that in the event of plaintiff's failure to comply with the foregoing demand within thirty (30) days, the defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

Dated: Mineola, New York
      July 9, 2008

Yours, etc.,

TORINO, & BERNSTEIN, P.C.

Kenneth A. Bernstein, Esq. [KB7028]
Attorneys for Defendants
200 Old Country Road ,Suite 220
Mineola, New York 11501
(516) 747-4301

See Service List

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Doc. #:**08-CV-4858

-------------------------------------------------------X

MICHAEL KNIGHT,

**NOTICE TO TAKE
  DEPOSITION**

                              Plaintiff,

          -against-

GARDUNO-RODRIGUEZ,

                              Defendant.

-------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to Article 30 of the FRCP the testimony upon
oral examination of all parties as an adverse party, will be taken before a Notary Public, who is
not an attorney, or employee of an attorney, for any party or prospective party herein and is not a
person who would be disqualified to act as a juror because of interest or because of consanguinity
or affinity to any party herein, at the LAW FIRM of TORINO & BERNSTEIN, 200 Old Country
Road, Mineola, New York on February 9, 2009 at 10:00 a.m. with respect to evidence and
material necessary in the defense of this action:

Including, but not limited to all of the relevant facts and circumstances in connection with
the incident whereupon plaintiff claims to have been discriminated against and damaged.

That the said person to be examined is required to produce at such examination the
following: such books, papers and other things in the possession and custody or control of the
person to be examined, to be marked as exhibits and to be used on the
examination which is relevant or may lead to information relevant to the subject matters of this
action.

Dated: Mineola, New York
      July 9, 2008

                                         Yours, etc.

                                         TORINO & BERNSTEIN, P.C.

                        By:
                                         KENNETH A. BERNSTEIN [KB7028]
                                       A Member of the Firm
                                       Attorneys for Defendants
                                       200 Old Country Rd - Suite 220
                                       Mineola, New York  11501
                                       (516) 747-4301

See Service List

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Doc. #:**08-CV-4858

-------------------------------------------------------X
MICHAEL KNIGHT,

**COMBINED DEMANDS**

                         Plaintiff,

      -against-

GARDUNO-RODRIGUEZ,

                        Defendant.

-------------------------------------------------------X

COUNSELLORS:

    **PLEASE TAKE NOTICE** that defendants, by TORINO & BERNSTEIN, P.C., demands

that all parties or their attorneys set forth in writing, under oath, and serve upon the undersigned

within thirty (30) days of receipt of this demand, the following:

**DEMAND FOR DISCOVERY AND INSPECTION
FOR MEDICAL INFORMATION AND AUTHORIZATIONS**

    **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, **and in**

**compliance with State and Federal HIPAA regulations**, plaintiff herein is required to produce

and allow discovery to be made by the defendant herein, of the following:

(a)    Copies of all medical reports and records of those physicians who treated or
examined plaintiff which shall include but not be limited to any history taken of
plaintiff, detailed recital of the injuries and conditions as to which testimony will
be offered at the time of trial, referring to and identifying those x-rays,
photographs, videotapes, films and reports which shall be offered at the trial of
this action, including a description of the injuries, diagnosis and prognosis.

(b)    All other medical records, documents, reports and data  upon which the plaintiff
will rely upon or offer for consideration in the instant proceeding.

(c)    Duly executed and acknowledged written authorizations permitting this party to
obtain and make copies of all hospital and medical records, and such other records
including x-rays and technicians' reports as may be referred to and identified in
the statement of the examined party's physicians including, but not limited to, bills
for services rendered and medications.

(d)    The name and address of each and every party who has been consulted by the
plaintiff concerning injuries sustained as a result of the occurrence referred to in
the complaint or who has rendered any treatment of any kind or nature to the
plaintiff.

(e)  Any and all bills, invoices or receipts for treatment given to the plaintiff for injuries or other physical conditions resulting from the occurrence referred to in the complaint.

(f)  Copies of all medical reports, hospital records and records of health care providers, x-rays or diagnostic records who treated or examined plaintiff, on a date prior to the date of the alleged accident in this action, for the same injuries, complaints or parts of the body as are alleged herein

(g)  Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of the records of any hospital, medical and healthcare provider who treated, was consulted by or examined plaintiff, on a date prior to the date of the alleged accident in this action, for the same injuries, complaints or body parts.

(h)  Duly executed and acknowledged written authorization to the NYS DEPARTMENT OF MOTOR VEHICLE permitting this party to obtain and make copies of plaintiff's driver license records, filings or medical records concerning plaintiff's disability, license renewal forms, MV-44, MV-80, MV664, and any other record that refers to any injury or disability sustained by plaintiff.

### DEMAND FOR DISCOVERY AND INSPECTION
### FOR PHARMACY INFORMATION AND AUTHORIZATIONS

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, plaintiff is

required to produce and allow discovery by the defendant herein, of the following:

(a)  Copies of all pharmaceutical/prescription reports of those pharmacists who have previously treated the plaintiff. These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the time of trial.

(b)  Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all pharmaceutical/prescription records, and such other records, but not limited to, bills for services rendered and medications prescribed.

(c)  All pharmaceutical data, records or reports upon which the plaintiff will rely upon or offer for consideration in the instant proceeding.

(d)  The name and address of each and every pharmacist who has been consulted by the plaintiff concerning injuries sustained as a result of the occurrence referred to in the complaint or who has rendered any treatment of any kind or nature to the plaintiff.

(e)  Any and all bills, invoices or receipts for pharmaceutical/prescriptions given to the plaintiff for injuries or other physical conditions resulting from the occurrence referred to in the complaint.

### DEMAND PURSUANT TO CPLR § 3017(c)

Pursuant to Federal Rules of Civl Procedure, plaintiff shall within fifteen (15) days from

the date of service of this demand set forth the amount of damages to which plaintiff, MICHAEL

KNIGHT, deems himself entitled and list same separately for each cause of action, claim and

item of damage asserted, to wit:

        (a)     pain and suffering

        (b)     loss of services

        (c)     physicians' services;

        (d)     medical expenses;

        (e)     loss of earnings;

        (f)     hospital expenses;

        (g)     diagnostic testing expenses;

        (h)     nurses' services;

        (i)     property damages;

        (j)     other expenses claimed (describe in detail).

## DEMAND FOR NAMES AND ADDRESSES OF FACT and NOTICE WITNESSES

**PLEASE TAKE NOTICE**, that the undersigned hereby demands, pursuant to Federal

Rules of Civil Procedure, that you set forth in writing and under oath, the *name and address* of

each person claimed by any party you represent, to be a *fact* and *notice witness* or who has

knowledge concerning to any of the following:

    (a)    The occurrence alleged in the complaint;

    (b)    Firsthand knowledge of the facts and circumstances regarding this occurrence;

    (c)    Information or knowledge concerning notice to any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

    (d)    Any actual notice allegedly given to the defendant or any employee(s) or agent(s) of the defendant of any condition which allegedly caused the occurrence alleged in the complaint;

    (e)    Information or knowledge regarding the nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

    (f)    Admissions of the defendant or his/her agent(s)or employee(s).

    (g)    Any individual with information or knowledge of the conditions, limitations,

damages or complaints which plaintiff claims to have sustained as alleged in the complaint;

If no such witnesses, fact and/or notice are known to plaintiff, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

## DEMAND FOR EXPERT WITNESS INFORMATION

**PLEASE TAKE NOTICE**, that the undersigned hereby demands that you set forth in writing a response to the following:

1. The name and address of each expert witness plaintiff intends to call as a witness in a trial of this action or has consulted with regard to this matter.

2. The qualifications of each expert witness.

3. The substance of the facts and opinions on which the expert is expected to testify or has communicated to plaintiff.

4. The grounds forming the basis for the expert's opinion.

5. The dates of all reports provided by the expert.

6. A duplicate original of all photographs taken by said expert depicting any element or item relating to his or her expected testimony.

7. A list of all documents, reports, writings, memoranda, textbooks, treatises and/or articles relied upon to form any conclusion or opinion.

## DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS/VIDEOTAPES

**PLEASE TAKE NOTICE**, that the undersigned demands on behalf of each and every party represented by it in this action, that pursuant to Federal Rules of Civil Procedure, you produce duplicate originals at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs, videotapes, negatives or reproductions which are now or in the future come in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photographs in any manner bear upon any of the issues in this action on liability of damages including but not limited to:

{1}    the alleged scene or place of the accident, occurrence or contributing cause;

{2}    any object, place or location that plaintiff alleges constitutes notice, actual or

constructive;

{3}    any injury, limitation, scar, or damage claimed to have been sustained by plaintiff.

{4}    all vehicles, objects or other property involved therein;

## DEMAND FOR DISCOVERY AND INSPECTION OF INCOME TAX RETURNS

**PLEASE TAKE NOTICE**, that the plaintiff is hereby required to produce for discovery, inspection and copying pursuant to Federal Rules of Civil Procedure, Federal and State income tax returns for the year within which the loss occurred, and two years prior and one year subsequent to said loss.

## DEMAND FOR PRODUCTION OF ACCIDENT/INCIDENT REPORTS

**PLEASE TAKE NOTICE**, that the undersigned demands pursuant to Federal Rules of Civil Procedure that you produce and allow the defendant to inspect any written report concerning the accident/incident which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.

## DEMAND FOR AUTHORIZATIONS FOR DISCOVERY AND INSPECTION OF PLAINTIFF'S WORKERS' COMPENSATION FILE

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, the plaintiff herein is required to produce and allow discovery to be made by the defendant herein, of the following:

> Serve upon and deliver to the attorneys for this defendant, duly executed and acknowledged written authorizations permitting the defendant to obtain, examine, inspect and photocopy the plaintiff's compensation file of both the state and the employer's workers' compensation carrier.

## DEMAND FOR AUTHORIZATIONS FOR DISCOVERY AND INSPECTION OF PLAINTIFF'S EMPLOYMENT RECORDS

**PLEASE TAKE NOTICE**, that the undersigned demands that you produce the name and address of plaintiff's employer on the date of the alleged occurrence.

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, the plaintiff herein is required to produce and allow discovery to be made by the defendant herein, of the following:

> Serve upon and deliver to the attorneys for this defendant, duly executed and acknowledged written authorizations permitting the defendant to obtain, examine, inspect and photocopy the plaintiff's employment records.

## DEMAND FOR AUTHORIZATIONS FOR DISCOVERY AND INSPECTION OF PLAINTIFF'S NO-FAULT FILE

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, the plaintiff herein is required to produce and allow discovery to be made by the defendant herein, of the following:

> Serve upon and deliver to the attorneys for this defendant, duly executed and acknowledged written authorizations permitting the defendant to obtain, examine, inspect and photocopy the plaintiff' entire no-fault file.

## DEMAND FOR SCHOOL RECORD AUTHORIZATIONS

**PLEASE TAKE NOTICE**, that plaintiff herein is required to produce and allow discovery to be made by defendant herein, of the following:

> Duly executed authorizations allowing the undersigned to obtain the school records of the party seeking recovery. These authorizations shall allow access to, but shall not be limited to, records concerning the injured party's class attendance and grades.

## DEMAND FOR DISCOVERY AND INSPECTION OF AIDED/INCIDENT REPORTS

**PLEASE TAKE NOTICE**, that the undersigned demands pursuant to Federal Rules of Civil Procedure that you produce and allow the defendant to inspect any Aided/Incident Report prepared concerning the accident which is the subject matter of any aspect of this lawsuit.

## DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED

**PLEASE TAKE NOTICE**, that demand is made, on behalf of each party represented by the undersigned in this action, that pursuant to Federal Rules of Civil Procedure, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every

statement, if written set forth a copy or if oral the exact words spoke or substance thereof setting form the date and time made and name and address of party to whom it was made, memorialized, recorded or taken from each such party and/ or his, her or its agents, servants or employees now in your possession, custody or control of any party, employee, agent or servant represented by this office in this action, if such statements in any manner bears on the issues in this action.

## DEMAND FOR PROOF OF SPECIAL DAMAGES

**PLEASE TAKE FURTHER NOTICE,** that pursuant to Federal Rules of Civil Procedure, the undersigned hereby demands that you produce copies of all invoices, statements, EOBs {explanation of benefits}, bills, liens, receipts or other written document concerning the treatment provided to plaintiff as claimed to have been paid or owed to each provider for:

(a) physicians' services;    (b) medical supplies;

(c) loss of earnings;    (d) hospital expenses;

(e) x-ray expenses;    (f) nurses' services;

(g) other expenses claimed (describe in detail).

## DEMAND PURSUANT TO CPLR §4545

**PLEASE TAKE NOTICE,** that demand is hereby made upon the attorneys for the plaintiff that they serve upon the undersigned a statement as to whether any part of the cost of medical care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security (except those benefits provided under Title 18 of the Social Security Act), Workers' Compensation, or employee benefit programs and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed item of economic loss was replaced or indemnified by each such organization or program.

Demand is additionally made for duly executed and properly addressed original authorizations permitting the undersigned to inspect and copy any records reflecting any collateral source or payment identified in response to the foregoing demand.

**PLEASE TAKE FURTHER NOTICE** that demand is additionally made for duly executed and properly addressed original authorizations permitting the undersigned to reflecting any collateral source or payment concerning payment of any medical, hospital and health care provider, who treated or examined plaintiff, on a date prior to the date of the alleged accident in this action, for the same injuries, complaints or parts of the body as are alleged herein.

**PLEASE TAKE FURTHER NOTICE,** that in lieu of producing the items demanded hereinabove, you may submit to the undersigned true and correct copies of the said items at any time prior to the aforesaid date.

**PLEASE TAKE FURTHER NOTICE,** that the foregoing are continuing demands and that if the above items are obtained after the date of this Demand, they are to be furnished to the office of the undersigned, pursuant to these Demands.

Dated:  Mineola, New York
       July 9, 2008

                        Yours, etc.

                        TORINO & BERNSTEIN, P.C.

                By:
                        KENNETH A. BERNSTEIN [KB7028]
                        A Member of the Firm
                        Attorneys for Defendant
                        200 Old Country Road - Suite 220
                        Mineola, New York  11501
                        (516) 747-4301

See Service List

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

**Docket#: 08-CV-4858**

MICHAEL KNIGHT,

        Plaintiff,

   against

GARDUNO-RODRIGUEZ,

        Defendant.

------------------------------------------------------X

---------------------------------------------------------------------------------------------------

## VERIFIED ANSWER,
## DEMAND FOR INTERROGATORIES
## COMBINED DISCOVERY DEMANDS,
## NOTICE TO TAKE AND
## DEPOSITION ON ORAL EXAMINATION

---------------------------------------------------------------------------------------------------

-

## TORINO & BERNSTEIN, P.C.

Attorneys for Defendant
*ANGELA GARDUNO-RODRIGUEZ i/s/h/a GARDUNO-RODRIGUEZ*
200 OLD COUNTRY ROAD, SUITE 220
MINEOLA, NEW YORK 11501
<516> 747-4301

Our File Number: 10000044363